(27 Misc. Rep. 569.)

PEOPLE ex rel. LARKIN v. PALMER et al.

(Supreme Court, Special Term, Albany County.   May, 1899.)

1. MANDAMUS—REQUISITES OF ALTERNATIVE WRIT.
   The relator in an alternative writ of mandamus must set forth facts sufficient to entitle him to the relief which he claims.

2. SAME—ELECTION—RECOUNT.
   An alternative writ to compel the board of inspectors to recount the ballots voted at a town election, which alleges that the inspectors failed to pass the split ballots around to the other inspectors for verification, as required by the election law, is insufficient, where it is not further alleged that petitioner was aggrieved by reason of the method pursued by the inspectors.

3. SAME—VOID BALLOTS.
   The mere allegation that the inspectors of a town election rejected certain ballots from their count, as void, without alleging that any such ballots were valid, is insufficient to entitle a candidate to a writ of mandamus commanding a recount, though the statute gives the court jurisdiction to issue such writ, to determine whether the ballots rejected as void shall be counted.

Application by the people, on the relation of Alexander B. Larkin, against James Palmer and others for a peremptory writ of mandamus. Denied.

L. W. Baxter, for plaintiff.
E. A. Dox, for defendants.

CHESTER, J.   The petitioner procured an alternative writ of mandamus, under section 114 of the election law (Laws 1896, c. 909), commanding the board of inspectors of the town of Richmondville to reassemble and recount the ballots voted at a town meeting held in that town on the 21st day of February, 1899, or show cause to the contrary.   The defendants filed a return to the alternative writ, which raised no issue as to any material matter.   When the order to show cause came on for hearing, the defendants moved to dismiss the writ on the ground that it did not state facts sufficient to warrant its issuing.   This presents the same question, as to the sufficiency of the statement contained in the writ, as though a demurrer had been formally taken.   Under the Code of Civil Procedure (section 2076), the statement of the facts contained in the writ, constituting the grievance to redress which it is issued, is subject to the provisions of the Code respecting the statement in a complaint of the facts constituting a cause of action.   The relator is bound, in an alternative writ, to set forth facts sufficient to entitle him to the relief which he claims.   People v. Ransom, 2 N. Y. 490; Commercial Bank of Albany v. New York Canal Com'rs, 10 Wend. 25.

The petitioner takes no issue upon the allegations of the return, but insists that he is entitled, not only upon the facts stated in the alternative writ, but in the return, to a peremptory writ.   The writ recites, in substance, that the petitioner was the Republican candidate for supervisor at the election in question; that the whole number of ballots voted was 529; that Harlan P. Ives, the Democratic candidate for supervisor, was declared elected over the petitioner by a majority

of 10 votes; that the inspectors did not observe the method of count-ing the ballots required by law, but that the inspectors and the clerks of the board each took from the whole number of ballots a certain number, and counted the same, and declared the result, both as to the straight and the split tickets, and each declared what he regarded as defective and void ballots, without passing the split tickets or any of the tickets from one to the other for verification; and that, out of the whole number of ballots voted, the board rejected 43 as defective and void, and which were not counted. It is further said in the writ that upon a recount of said ballots, conducted in the manner re-quired by law, it may appear that said ballots, or some of them, which were rejected as defective and void, and were not counted, may not in reality be defective and void, but ought to be counted, and that a re-count is necessary, to determine whether said rejected ballots, or any of them, shall be counted, and that upon said recount the petitioner may have a majority of the legal ballots voted for supervisor, and not the said Harlan P. Ives. It will be observed that the allegation re-specting the omission to pass the split ballots around to the other in-spectors for verification, as required by subdivision 3 of section 110 of the election law, is not accompanied by any allegation showing that the petitioner is aggrieved by reason of the method pursued by the inspectors, for there is no allegation that any of the ballots rejected by the board as void were not in fact void. So that, taking all the facts stated in the writ as true, there is nothing alleged showing that the inspectors arrived at a wrong result, under the law, notwithstand-ing they may have pursued an unlawful method in reaching that result. That being so, the petitioner fails to show that he is aggrieved because the inspectors pursued a wrong method of canvassing the ballots; nor does the allegation of a wrong method of canvassing the ballots under the election law furnish ground for a writ of mandamus, under the provisions of section 114.

The case then comes down to the statement in the writ that 43 ballots were rejected as void, and not counted, and that upon a recount it may turn out that some of the ballots so rejected as void, and not counted, may be valid, and ought to be counted, and that the peti-tioner, on a recount, may have a majority of the legal ballots. With the exception of the allegation of the number of ballots rejected as void, and not counted, all the rest of this statement is mere conjec-ture, and not proof. It might as well be supposed that on a recount it might turn out that these 43 ballots were properly rejected by the inspectors as void, and not counted, or that the candidate against the petitioner might have a greater majority than the inspectors gave him. The trouble is that the writ contains no allegation or statement that any ballot rejected as void was a valid ballot, nor that any ballot so rejected should have been counted for the petitioner.

The petitioner, however, insists that, under section 114 of the elec-tion law, he is entitled to a peremptory writ upon the simple allega-tion that the inspectors rejected from their count certain ballots as void. It is true, as the petitioner urges, that the statute gives the court jurisdiction to issue a writ of mandamus to determine whether the ballot, and the votes thereon, which has been rejected by the in-

spectors as void, shall be counted. The statute expressly says so,. but I cannot agree that the mere statement that ballots have been rejected as void, standing alone, is sufficient to entitle a candidate to. a writ, under the law. I think that, in order to set the court in motion to exercise the jurisdiction which is given to it under the statute, the petitioner must first present verified allegations showing that he has been aggrieved by the action of the inspectors. It is a matter of common knowledge that in nearly every election district of the state, at every election under the present ballot law, many ballots are rejected as void, and not counted; and, if the contention of the petitioner is correct, any candidate at any election would be entitled to a writ of mandamus upon the mere allegation of the rejection of a ballot as void in any election district; regardless of whether or not he alleged a grievance by reason of the act of the inspectors in rejecting the ballot. Courts are instituted to administer justice, and to grant relief against grievances, and not to sit in judgment upon academic questions at the suit of persons who do not come into court alleging a cause of action. A writ of the character asked for here can only issue when a clear legal right to it is made to appear. People v. Board of Police, 107 N. Y. 239, 13 N. E. 920; People v. Newton, 112 N. Y. 399, 19 N. E. 831.

This petitioner may have a grievance, but, if so, he has not made it apparent. He has failed, in my opinion, to show facts sufficient to constitute a cause of action, or to justify the court in exercising the jurisdiction given to it to issue a peremptory mandamus compelling this board to recount the ballots in question; and for that reason the alternative writ should be dismissed, and the application for the peremptory writ denied, with $10 costs. Ordered accordingly.